**SULAIMAN LAW GROUP, LTD.**
Alexander J. Taylor, Esq. (State Bar No. 332334)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 180
Facsimile: (630) 575-8188
Email: ataylor@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ROBERT A. RICHARDSON, | Case No. 8:23-cv-01084 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| | 1. **VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ.** |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | |
| | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

## COMPLAINT

NOW comes ROBERT A. RICHARDSON ("Plaintiff"), by and through the undersigned, complaining as to the conduct of EXPERIAN INFORMATION SOLUTIONS, INC. ("Defendant" or "Experian"), as follows:

### NATURE OF THE ACTION

1

1. Plaintiff brings this action for damages under the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681 *et seq.*, stemming from Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1681, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Central District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Diamondhead, Mississippi.

5. Defendant is regularly engaged in the business of assembling and evaluating information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties inquiring about a consumer's credit worthiness, credit standing, and credit capacity for consumers across the country, including those in the states of Mississippi and California. Defendant is a corporation organized and existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSE OF ACTION**

7. The instant action arises out of Defendant's failure to remove inaccurate information Defendant was reporting in Plaintiff's credit report in relation to a consumer debt ("subject consumer debt").

8. Prior to the actions giving rise to the claims herein, Plaintiff leased an apartment at "Retreat at Danada Farms," ultimately creating the subject consumer debt. After purportedly falling behind on the subject consumer debt, it was charged-off and placed with "Columbia Debt Recovery, LLC" ("Columbia") for collection purposes.

9. In connection with the subject consumer debt, Plaintiff sent a Demand to Columbia, initiating the underlying matter ("underlying matter").

10. Plaintiff and Columbia ultimately settled the underlying matter on or about March 31, 2022, resulting in an agreement ("agreement") that the subject consumer debt was to be removed from Plaintiff's credit reports, including his Experian credit report, by way of Columbia submitting trade-line deletion requests to Equifax, Experian, and TransUnion.

11. However, on April 28, 2022, the subject consumer debt was still being reported on Plaintiff's Experian credit report, with negative references to the subject consumer debt.

3

12. As a result, on or about August 1, 2022, Plaintiff submitted written disputes to Equifax, Experian, and TransUnion via certified mail, requesting that the subject consumer debt be removed from Plaintiff's credit reports.

13. Defendant received Plaintiff's dispute on or about August 4, 2022.

14. Upon information and belief, Columbia received notice of Plaintiff's dispute within five days of Plaintiff initiating the disputes with Equifax, Experian, and TransUnion. *See* 15 U.S.C. § 1681i(a)(2).

15. However, on April 28, 2023, the subject consumer debt was still being reported on Plaintiff's Experian credit report, with negative references to the subject consumer debt.

16. Defendant failed to reasonably investigate Plaintiff's dispute within 30 days of Plaintiff's dispute. Specifically, Defendant never provided any response to Plaintiff's dispute despite being provided clear information that the subject consumer debt was being reported inaccurately. Rather than conduct a reasonable investigation into Plaintiff's dispute, Defendant simply continued to report the subject consumer debt inaccurately.

17. As such, despite having actual knowledge that the subject consumer debt was being reported inaccurately after receiving Plaintiff's dispute, Defendant continued to report the subject consumer debt with the negative information that should have been completely removed from Plaintiff's credit file.

18. The reporting of the subject consumer debt by Defendant is patently inaccurate and materially misleading because it paints Plaintiff's credit worthiness in a false light.

**IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE**

19. The erroneous reporting of the subject consumer debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject consumer debt has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has certain unpaid debt which is not owed by Plaintiff.

20. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and/or credit opportunities, and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

21. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, the loss of credit opportunity, decreased credit score, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

22. Due to the conduct of Defendant, Plaintiff was forced to retain counsel to correct the inaccuracies in her Experian credit files.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

25. Defendant is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

26. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by § 1681a(d).

27. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

28. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

29. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

30. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed

information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. § 1681i(a)(1)(A).

31. Plaintiff provided Defendant with all relevant information in his request for investigation to reflect that the subject consumer debt was being reported inaccurately.

32. Defendant nevertheless prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject consumer debt on Plaintiff's credit report notwithstanding his dispute, when in fact the subject consumer debt should have been removed from his credit report altogether.

33. Defendant further failed to reasonably investigate Plaintiff's dispute, as it patently failed to respond to Plaintiff's dispute within the timeframe required by the FCRA.

34. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Defendant prepared patently false and materially misleading consumer reports concerning Plaintiff.

35. Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

36. Defendant violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Columbia. Upon information and belief, Defendant also failed to include all relevant information as part of the notice to Columbia regarding Plaintiff's dispute that Defendant received from Plaintiff.

37. Defendant violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject consumer debt.

38. Defendant violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

39. Defendant violated 15 U.S.C. § 1681i(a)(5)(B) by reporting disputed information without certification from Columbia that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

40. Defendant knew that the inaccurate reporting of the subject consumer debt in Plaintiff's credit files under the Columbia trade line would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

41. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

42. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Defendant readily sold Plaintiff's inaccurate and misleading reports to

one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

43. By deviating from the standards established by the credit reporting industry and the FCRA, Defendant acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

44. It is Defendant's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

45. Defendant's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

46. Defendant acted reprehensively and carelessly by reporting and re-reporting the subject consumer debt on Plaintiff's credit reports after Plaintiff notified Defendant of the inaccurate nature of such information.

47. Defendant has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

48. As stated above, Plaintiff was harmed by Defendant's conduct.

WHEREFORE, Plaintiff, ROBERT A. RICHARDSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes;

b. Ordering that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Awarding Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

f. Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o; and

g. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.


Dated: June 19, 2023                  Respectfully submitted,


                                      /s/*Alexander J. Taylor*
                                      Alexander J. Taylor, Esq.
                                      California Bar No. 332334
                                      *Counsel for Plaintiff*
                                      Sulaiman Law Group, Ltd
                                      2500 S Highland Ave, Suite 200
                                      Lombard, IL 60148
                                      Telephone: (630) 575-8181 Ext. 180
                                      ataylor@sulaimanlaw.com

10